FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 07 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00455-BNB

TROY SAGO,

    Applicant,

v.

LARRY DYER, and
JEFFREY SCHIRMER,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Troy Sago, is a pretrial detainee at the Jefferson County Detention Facility in Golden, Colorado. Mr. Sago has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting claims challenging the validity of the charges against him in his pending federal criminal case. **See *United States v. Sago*,** No. 08-cr-00287-REB-07 (D. Colo. filed July 8, 2008). The Court must construe the application liberally because Mr. Sago is not represented by an attorney. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See *Hall*,** 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Sago claims that he was arrested on drug conspiracy charges in August 2009 and that he remains in custody pending trial. He specifically claims that the government has violated his due process and speedy trial rights, that he has not been

provided with full discovery, and that he is being detained wrongfully because deceptive information was presented in an affidavit used to obtain a search warrant. Mr. Sago contends that he has filed motions in his criminal case raising these issues and that the government has failed to acknowledge the motions.

The Court finds that Mr. Sago's claims may not be raised in this habeas corpus action. "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." **Jones v. Perkins**, 245 U.S. 390, 391 (1918); **see also Hall v. Pratt**, 97 F. App'x 246, 247-48 (10th Cir. 2004) ("Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in trial court, would result in needless duplication of judicial work and would encourage "judge shopping.").

Mr. Sago fails to demonstrate the existence of any exceptional circumstances that would justify pursuit of his claims in a separate habeas corpus action rather than in his criminal case. The Court notes that Mr. Sago is represented by counsel in his criminal case. Furthermore, contrary to Mr. Sago's allegations that his motions have not been acknowledged, speedy trial issues have been raised and addressed in the criminal case (**see** Doc. #273), at least one motion for additional discovery was addressed and denied on August 18, 2010 (**see** Doc. #573), and Mr. Sago has pending a number of other motions for disclosure and discovery, to sever, and to suppress evidence (**see** Docs. #448-457 & 588). Mr. Sago also has filed three separate motions seeking release on bond that have been addressed in the criminal case, with the most recent

order being issued on February 24, 2011. (*See* Doc. #640.) The fact that Mr. Sago has not been successful in securing his release or the dismissal of the charges against him in the criminal case does not demonstrate that the motions have not been acknowledged.

Finally, even if Mr. Sago does not obtain the relief he seeks prior to a trial or other resolution in his criminal case, that circumstance still would not be exceptional and would not justify the filing of a separate habeas corpus action pursuant to 28 U.S.C. § 2241 seeking a second opinion as to the claims rejected. If Mr. Sago ultimately is convicted in his criminal case and he believes that his rights were violated in obtaining that conviction, he may seek redress by pursuing the remedies available to him in his criminal case, including a direct appeal and/or a postconviction motion pursuant to 28 U.S.C. § 2255 if appropriate. However, he is not entitled to any relief in the instant action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice to Mr. Sago's claims in his criminal case.

DATED at Denver, Colorado, this __7th__ day of ___March___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00455-BNB

Troy Sago
Prisoner No. 01041917
Jefferson County Detention Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk